IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACKSON COUNTY PUBLIC ADMINISTRATOR, as guardian and conservator for JOHN DOE, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-4035 |
| ROBERT J. KNODELL,[1] et al., | ) |
| Defendants. | ) |

## MOTION TO STRIKE

Defendants, by and through undersigned counsel, move to strike Plaintiff's Suggestions in Support of Motion to Enforce Settlement, along with the attached exhibits, as a violation of the General Order of the Western District of Missouri regarding the Mediation and Assessment Program, as well as Missouri law.

**I.     The Court's General Order – the Mediation and Assessment Program.**

In an effort to "encourage parties" to engage in early settlement discussions, the United States District Court for the Western District of Missouri implemented a General Order regarding its Mediation and Assessment Program ("MAP"). MAP mandates certain cases be mediated. The above captioned case was ordered to mediation through MAP

---

[1] Robert J. Knodell replaced Jennifer Tidball as acting director of the Missouri Department of Social Services.

(Docs. #17, #46, #67).[2] In order for mediation to be fruitful and open, the General Order specifically provides for confidentiality as follows:

> VII. **CONFIDENTIALITY**
>
> A. **General Provision.** This Court, the parties, their counsel, the Mediator and any other participants in the Program shall treat as confidential the contents of any written mediation statement and anything said in the mediation, including any position taken and any views of the case as expressed by any participant or Mediator. Confidential information shall not be disclosed to: 1) anyone not involved in the litigation; 2) the assigned Judge; or 3) for any impeachment in any pending or future proceeding in this Court or any other forum, unless otherwise excepted in Section VIII.B. below. The Mediator shall not be inquired of or called as a witness or deponent in any proceeding related to the dispute in which the Mediator served or be compelled to produce documents that the Mediator received or prepared for mediation or other ADR session.

(Doc. #46, attachment #1, p. 11). As such, the content of "anything said in the mediation," "any position taken," and "any views of the case" are strictly confidential and cannot be disclosed. Moreover, the mediator is expressly prohibited from being called as a witness or required to provide evidence or documents.

Although there are certain limited exceptions to the confidentiality of mediation in MAP, none apply in this case. Indeed, one exception worth noting is that the "confidentiality provisions do not prohibit: … Disclosure of a *fully executed* term sheet, settlement agreement, or resolution placed on the record, to enforce a settlement." *Id.* (emphasis added).

---

[2] Plaintiff acknowledges MAP's confidentiality provisions and has sought to seal any filings (Doc. #73). Filings relating to mediation ordered through MAP, other than the authorized status report(s), should certainly be filed under seal, but this Court should further strike those filed in violation of MAP's General Order and Missouri law.

## II. Missouri Law – Confidentiality of Mediation.

In addition to the confidentiality mandated under MAP, Missouri law likewise mandates confidentiality for alternative dispute resolution procedures such as mediation. Section 435.014, RSMo., provides:

> **435.014. Arbitrators, may not be subpoenaed — proceedings regarded as settlement negotiations, communications confidential.** — 1. If all the parties to a dispute agree in writing to submit their dispute to any forum for arbitration, conciliation or mediation, then no person who serves as arbitrator, conciliator or mediator, nor any agent or employee of that person, shall be subpoenaed or otherwise compelled to disclose any matter disclosed in the process of setting up or conducting the arbitration, conciliation or mediation.
>
> 2. Arbitration, conciliation and mediation proceedings shall be regarded as settlement negotiations. *Any communication relating to the subject matter of such disputes made during the resolution process by any participant, mediator, conciliator, arbitrator or any other person present at the dispute resolution shall be a confidential communication.* No admission, representation, statement or other confidential communication made in setting up or conducting such proceedings not otherwise discoverable or obtainable shall be admissible as evidence or subject to discovery.

*Id.* (emphasis added).

Even the Supreme Court of Missouri, in its rules, mandates that alternative dispute resolution processes such as "mediation" – particularly those under the auspices of the court – be confidential. *See* Missouri Supreme Court Rule 17.06 ("Any communication relating to the subject matter of such dispute made during the alternative dispute resolution process by a participant or any other person present at the process shall be a confidential communication."). The Supreme Court, in fact, requires that "Settlement shall be by a written document setting out the essential terms of the agreement *executed after the termination* of the alternative dispute resolution process." *Id.* (emphasis added).

3

Case 2:21-cv-04035-NKL   Document 76   Filed 10/27/21   Page 3 of 5

## Conclusion

For the foregoing reasons, the Court should strike Plaintiff's Suggestions in Support of Motion to Enforce Settlement, along with the attached exhibits, as a violation of the General Order of the Western District of Missouri regarding the Mediation and Assessment Program, as well as Missouri law.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General


/s/ Jeremiah J. Morgan
Jeremiah J. Morgan, Mo. #50387
Deputy Attorney General – Civil
Office of the Missouri Attorney General
Post Office Box 899
Jefferson City, Missouri 65102
Jeremiah.Morgan@ago.mo.gov
(573) 751-1800

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October, 2021, a true and correct copy of the foregoing was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

By: /s/ Jeremiah J. Morgan