IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACKSON COUNTY PUBLIC ADMINISTRATOR, *as guardian and conservator for* JOHN DOE, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-4035 |
| ROBERT J. KNODELL, *in his official capacity as acting Director of the Missouri Department of Social Services*,[1] *et al.*, | )<br>)<br>) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO RECONSIDER THE COURT'S
ORDER THAT DEFENDANTS' MOTION TO DISMISS BE HELD IN
<u>ABEYANCE PENDING RULING ON MOTION TO ENFORCE</u>**

Defendants Robert J. Knodell, *in his official capacity as acting Director of the Missouri Department of Social Services*, Mark Stringer, *in his official capacity as Director of the Missouri Department of Mental Health*, and Joan Rogers, *in her official capacity as Interim Director of the Children's Division of the Missouri Department of Social Services*, move this Court to reconsider its order [Doc. No. 86] granting Plaintiff's Motion [Doc. No. 85] to hold Defendants' Motion [Doc. No. 79] to Dismiss in Abeyance Pending Ruling on Motion [Doc. No. 58] to Enforce, and state in support as follows:

Defendants moved to dismiss this case as moot. Plaintiff moved to hold this motion in abeyance pending ruling on its motion to enforce. When a case becomes moot, however, the Court must dismiss it for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005).

---

[1] Robert J. Knodell replaced Jennifer Tidball as acting director of the Missouri Department of Social Services.

1

Jurisdiction must be determined before the Court can proceed to consideration of other matters. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). The decision as to the enforcement of an alleged settlement agreement is for a state court, not this Court. *See Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000). Therefore, this Court must address Defendants' motion to dismiss.

## **Legal Standard**

Under Fed. R. Civ. P 54(b), a "court may reconsider an interlocutory order to 'correct any clearly or manifestly erroneous findings of fact or conclusions of law.' " *Bancorp Servs., L.L.C. v. Sun Life Assur. Co.*, 2011 WL 1599550, at *1 (E.D. Mo. Apr. 27, 2011) (quoting *Jones v. Casey's Gen. Stores*, 551 F. Supp. 2d 848, 854 (S.D. Iowa 2008)). A motion to reconsider, however, may not be used to identify facts or raise arguments that could have been, but were not, raised during the pendency of the motion for which reconsideration is sought. *Jones*, 551 F. Supp. 2d at 854 (cited favorably in *Bancorp Servs.*, 2011 WL 1599550, at *1). "[W]hen evaluating whether to grant a motion to reconsider, the Court also has an interest in judicial economy and ensuring respect for the finality of its decisions, values which would be undermined if it were to routinely reconsider its interlocutory orders." *Trickey v. Kaman Indus. Techs. Corp.*, 2011 WL 2118578, at *2 (E.D. Mo. May 26, 2011).

Reconsideration is appropriate here because the order granting Plaintiff's motion was entered before Defendants had an opportunity to respond. Additionally, the Court must determine its jurisdiction, which is challenged in Defendants' motion to dismiss, before turning to any other matter, particularly one that is for another court to decide – Plaintiff's motion to enforce a supposed settlement agreement.

2

Case 2:21-cv-04035-NKL    Document 88    Filed 12/02/21    Page 2 of 5

## **Questions of Mootness Should Be Decided First**

Among other grounds, Defendants moved to dismiss this case because it is moot. Doc. No. 790, ¶ 1. Specifically, Plaintiff's claims are based on Section 4 of Division X of the Consolidated Appropriations Act, 2021. But the provisions of this section were applicable only during a defined emergency period that expired on September 30, 2021. *See* Section 4(e) of Division X of the Consolidated Appropriations Act, 2021. Because the statutory provisions on which Plaintiff's claims are based have expired, those claims are moot. *See* Suggestions in Support of Defendants' Motion to Dismiss, Doc. No. 80, at page 14.

When a legal claim is premised on the provisions of a statute or policy, the claim generally becomes moot when that law or policy is repealed or expires. The Eighth Circuit recently defined mootness in this context as follows:

> Article III mootness arises from the Constitution's case and controversy requirement: "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (citation omitted); *see also* U.S. Const. art. III, § 2, cl. 1. A case is considered moot "[w]hen, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief.'" *Id.* (second alteration in original) (citation omitted). "When a law," or in this case, a university policy, "has been amended or repealed, actions seeking declaratory or injunctive relief for earlier versions are generally moot unless the problems are 'capable of repetition yet evad[ing] review.'" *Phelps-Roper v. City of Manchester*, 697 F.3d 678, 687 (8th Cir. 2012) (alteration in original) (citation omitted). However, a policy is not "capable of repetition yet evading review" merely because the governing body has the power to reenact the policy after the lawsuit is dismissed. *See Teague v. Cooper*, 720 F.3d 973, 977 (8th Cir. 2013). Instead, "[t]he exceptions ... are rare and typically involve situations where it is virtually certain that the repealed [policy] will be reenacted." *Id.* (citation omitted).

*Young Am.'s Found. v. Kaler*, 14 F.4th 879, 886 (8th Cir. 2021). With regard to the expiration of the provisions of the statute at issue here (Section 4 of Division X of the Consolidated

3

Appropriations Act, 2021), there is no suggestion that the expired provisions will be reenacted. Thus, no exception to the mootness doctrine applies in this case.

A case or controversy must exist during all stages of the judicial proceedings. *Brazil v. Ark. Dep't of Human Servs.*, 892 F.3d 957, 959 (8th Cir. 2018). When a case becomes moot in the Article III sense, as here, the court has no discretion and must dismiss the case for lack of jurisdiction. *Ali v. Cangemi*, 419 F.3d 722, 724 (8th Cir. 2005).

If Defendants' argument that the claims in this case are moot is correct, which they are, this Court must dismiss the case. That issue must be addressed before any other. Otherwise, the Court will be taking action on claims over which it may have lost jurisdiction, especially those within the jurisdiction of state courts. Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998). "Without jurisdiction the court cannot proceed at all in any cause." *Id*. (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

WHEREFORE, Defendants pray this Court to reconsider its order that their motion to dismiss be held in abeyance pending its ruling on Plaintiff's motion to enforce settlement and to decide their motion to dismiss.

Respectfully submitted,

**ERIC S. SCHMITT**
Attorney General

/s/ Jeremiah J. Morgan
Jeremiah J. Morgan, Mo. #50387
Deputy Attorney General – Civil
Post Office Box 899
Jefferson City, Missouri 65102
Jeremiah.Morgan@ago.mo.gov
(573) 751-1800

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2021, a true and correct copy of the foregoing was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

By: /s/ Jeremiah J. Morgan